UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
DORCHESTER DIVISION

USDC CLERK, CHARLESTON, SC
RECEIVED
2017 AUG -7 PM 4: 25

RECEIVED
8/15/2017
4:30 PM

| | |
|---|---|
| Nelson L. Bruce, Propria Persona<br>Sui Juris<br>    Plaintiff<br><br>-VS-<br><br>CARRINGTON MORTGAGE SERVICES, LLC<br><br>    Defendant(s) | Case No.: 2:17-CV-2171-RMG-BM<br><br><br>COMPLAINT<br>JURY DEMAND |

## *COMPLAINT*

Plaintiff, Nelson L. Bruce, individually, hereby sues Defendant(s) for alleged violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

## *PRELIMINARY STATEMENT*

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant(s)s for alleged violations of the Telephone Consumer Protection Act (TCPA), which prohibits the use of automatic telephone dialing systems (ATDS) to call or text cellular phones unless the caller has the "prior express consent" of the called party to make such calls. *See* 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendant(s). Plaintiff intends to propound discovery from Defendant(s) identifying phone records dated 6 months back from the date of this filing because Defendant(s) never had consent from Plaintiff to call his cellular phone and the Plaintiff wants to discover who the Defendant(s) service provider is where Defendants phone number is registered under which was used to dial the Plaintiff and these other individuals who have suffered similar violations. Upon discovery, Plaintiff will Subpoena Defendant(s) phone service provider to identify what capabilities the number(s) used to dial the Plaintiff's cellular phone has if Defendant(s) refuses to provide this information as requested in this complaint.

3. Plaintiff contends that the Defendant(s) have violated such laws by repeatedly harassing Plaintiff in attempts to collect information on an alleged debt.

## *JURISDICTION AND VENUE*

4. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that the Plaintiff resides here, the Defendant(s) transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $10,000.

## *PARTIES*

7. Plaintiff, Nelson L. Bruce, is a natural man and is a resident of the State of South Carolina.

8. Upon information and belief CARRINGTON MORTGAGE SERVICES, LLC (Defendant), is a foreign corporation, authorized to do business in South Carolina.

## *FACTUAL ALLEGATIONS*

9. From May 19, 2017 thru June 13, 2017, Defendant(s) violated the TCPA by using an automatic telephone dialing system to call Plaintiff's cellular phone.

10. Plaintiff has never done business with or has given Defendant(s) consent or express permission to call Plaintiffs cellular phone.

11. Plaintiff has sent Defendant(s) a presentment in the form of a validation demand letter dated May 22, 2017 under certified mail number 7016 1970 0001 2084 5168 and again with a certified letter dated June 2, 2017 under certified mail number 7016 1970 0001 2084 5175 to provide validation of an alleged debt and further notifying them not to call Plaintiff and that all responses should be in writing, these letters can be provided as Exhibit-A documents with receipts showing Defendant(s) signed and received Plaintiffs letters.

12. From May 1, 2017 thru June 13, 2017, Defendant(s) violated the TCPA by calling Plaintiff's phone line 7 times which include cellular phones with no prior express permission given by Plaintiff. Plaintiff has screen shots of all 7 calls stored on file identifying the phone number used to call Plaintiff, the

date and time of the calls and Plaintiff also has the calls documented and written down on a note pad for his records which all can be provided as Exhibit-B documents.

13. Plaintiff answered a call from Defendant on May 25, 2017 which there was a brief pause after Plaintiff said hello and then a representative came on trying to verify the Plaintiff information which they had no consent to call Plaintiff in the first place.   Plaintiff notified the representative that Plaintiff has sent a letter to Defendant to validate the alleged debt and he had already to the previous servicer not to call any of his phones and that all communications should be in writing.

14. Plaintiff also alleges that he has a recording of a call answered on May 31, 2017 of an automatic recording from Defendants stating that they are trying to reach the Plaintiff and that they are a debt collector and to call them at 1-877-267-1221.  Evidence of this recorded answered call can be provided as Exhibit-C which is stored on Plaintiffs cellular phone.

15. Plaintiff alleges that his number has been on the "National Do not Call List" since June 29, 2012, Evidence of this can be provided as Exhibit-C upon request.

16. Plaintiff alleges that because he uses his cell phone for business purposes, Plaintiff has missed some opportunities to generate income because the Defendant(s) calls that were answered and/or unanswered cause the Plaintiff to miss leads and a possible opportunity to generate income for himself and/or his company.

17. Plaintiff alleges that since dealing with the Defendant(s) on the collection of an alleged debt, Plaintiff has been unable to concentrate on his business to keep a steady flow of income coming in to support himself, caused undue stress, nervousness and embarrassment.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT(S)

18. Plaintiff alleges and incorporates the information in paragraphs 1 through 17.

19. Defendant(s) has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system (ATDS) to call the Plaintiff's number, which is assigned to a cellular telephone service.

20. Defendant(s) has committed 7 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1,500 per violation starting May 1, 2017 pursuant to 47 U.S.C. §227(b)(3)(C).

21. Defendant(s) has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and has never had consent to contact the Plaintiff and are now subject to treble damages pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C) as they were intentional. Plaintiff answered at least 2 of the calls to see why the Defendant was calling the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment for damages against the Defendant for actual or statutory damages, punitive damages, injunctive relief and court fees and costs. Plaintiff also asks the Honorable Court for an order;

> (a) Barring Defendants from contacting **Nelson L. Bruce** directly;
> (b) Requiring Defendants to furnish a copy of the order to each outside entity with which it deals for debt collection services;
> (c) Requiring Defendants to furnish a list of such entities and the dates with which they were furnished with the order.

Respectfully Submitted,

"Without Prejudice"

*Nelson L. Bruce 8-7-2017*

Nelson L. Bruce, Propria Persona, Sui Juris
Authorized Representative
"All Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street
Summerville, South Carolina 29483
Phone: 843-437-7901

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this __7th__ of __August__, 2017.

"Without Prejudice"

*Nelson L. Bruce 8-7-2017*

Nelson L. Bruce, Propria Persona, Sui Juris
Authorized Representative
"All Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street
Summerville, South Carolina 29483
Phone: 843-437-7901