**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
Case No. 2:17-CV-2171**

| | | |
|---|---|---|
| NELSON L. BRUCE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER OF CARRINGTON** |
| | ) | **MORTGAGE SERVICES, LLC** |
| CARRINGTON MORTGAGE SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Carrington Mortgage Services, LLC ("Defendant") answers the Complaint served in the above-styled action, and states as follows:

1.      Paragraph 1 of the Complaint states only legal conclusions to which no response is required; to the extent a response is required, Defendant denies any allegations in Paragraph 1.

2.      Defendant denies the allegations in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states only legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this action.

5.      Paragraph 5 of the Complaint states only legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in this judicial district and division.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Upon information and belief, Defendant admits the allegations of Paragraph 7 of the Complaint.

8.    With respect to the allegations in Paragraph 8 of the Complaint, Defendant admits that it is a limited liability company organized under the laws of the state of Delaware, and that it is authorized to do business in South Carolina.  Defendant denies the remaining allegations in Paragraph 8.

9.    With respect to the allegations in Paragraph 9 of the Complaint, the allegation that Defendant violated the TCPA by using an automatic telephone dialing system states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

10.    Upon information and belief, Defendant denies the allegations in paragraph 10 of the Complaint.

11.    With respect to the allegations of Paragraph 11 of the Complaint, Defendant admits that it received a letter from Plaintiff dated July 2, 2017.  Defendant states that the letter speaks for itself and denies any allegations inconsistent therewith.  Upon information and belief, Defendant denies that it received a letter from Plaintiff dated May 22, 2017.

12.    With respect to the allegations in Paragraph 12 of the Complaint, the allegation that Defendant violated the TCPA states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.  Defendant admits making calls to Plaintiff in the ordinary course of its duties as servicer for Plaintiff's loan.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12, and therefore denies such allegations.

13.    With respect to the allegations in Paragraph 13 of the Complaint, Defendant admits that it contacted the Plaintiff by telephone on May 25, 2017, and that an individual identifying himself as the Plaintiff refused to provide verifying information and stated that all

communications should be in writing.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13, and therefore denies such allegations.

14.     With respect to the allegations in Paragraph 14 of the Complaint, Carrington admits that it attempted to contact the Plaintiff by telephone on May 31, 2017 and left an automatic recording.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14, and therefore denies such allegations.

15.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore denies such allegations.

16.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint, and therefore denies such allegations.

17.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint, and therefore denies such allegations.

**Count I – Violations of the Telephone Consumer Protection Act**

18.     Paragraph 18 of the Complaint makes no new allegations, and no response is required.  To the extent a response is required, Defendant incorporates and restates its responses to Paragraphs 1-17 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies that Plaintiff is entitled to the relief requested in his Prayer for Relief.  Defendant denies each and every allegation in the Complaint not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Upon information and belief, Plaintiff consented to receive calls to his telephone number regarding the loan, and is estopped from asserting or has waived claims against Defendant under the Telephone Consumer Protection Act.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Upon information and belief, Plaintiff failed to mitigate his alleged damages, and his damages should be barred or reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE
### (Due Process)

The requirements of the Telephone Consumer Protection Act are impermissibly vague as applied to the facts of this case, and an award of damages against Defendant would violate the Due Process Clause of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

Defendant reserves the right to assert additional defenses if discovery indicates that such additional defenses are appropriate.

Respectfully submitted this 8th day of February, 2018.

BRADLEY ARANT BOULT CUMMINGS LLP

/s/G. Benjamin Milam
G. Benjamin Milam (SC Bar No. 80311)
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
T: 704.338.6000
F: 704.338.6080

bmilam@bradley.com

*Attorney for Defendant Carrington Mortgage Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **ANSWER** was served upon the parties listed below by depositing a copy thereof in the United States Mail, postage pre-paid and addressed as follows:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC  29483

This is 8th day of February, 2017

/s/G. Benjamin Milam
G. Benjamin Milam, Esq.