# EXHIBITS - D



G. Benjamin Milam
Direct Dial: (704) 338-6049
Direct Fax: (704) 338-6094
E-mail: bmilam@bradley.com

June 13, 2018

*Via U.S. Mail*

Nelson L. Bruce
1605 Central Avenue, Ste. 6 #167
Summerville, SC 29483

144 Pavilion Street
Summerville, SC 29483

RE:   Nelson L. Bruce v. Carrington Mortgage Services, LLC, Case No. 2:17-CV-2171

Dear Mr. Bruce:

Please find enclosed responses from Carrington Mortgage Services, LLC to your second set of interrogatories and requests for production served by mail on May 11, 2018.

In response to your discovery requests, I have enclosed a disk with additional documents from Carrington to supplement Carrington's previous production in this matter, including Carrington's power of attorney from the owner of the loan and a copy of the Pooling Agreement applicable to your loan.

Please do not hesitate to contact me if you have any questions or concerns regarding this matter.

Sincerely,

*G. Benjamin Milam* (signature)

G. Benjamin Milam
Attorney

GBM/cb

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC<br><br>    Defendant. | Case No. 2:17-CV-2171 |

## DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC's RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendant, Carrington Mortgage Services, LLC ("Defendant"), through undersigned counsel, hereby serves its responses and objections to Plaintiff Nelson L. Bruce's ("Plaintiff") second set of interrogatories and first requests for production of documents ("Discovery Requests").

**INTERROGATORY NO. 1:** Please provide the full complete names, present addresses phone numbers, employer, title, and occupation of all individuals who have firsthand knowledge and who called the Plaintiff's cellular phone on the dates of May 19, 2017, May 23, 2017, May 25, 2017, May 31, 2017, June 6, 2017, June 9, 2017, and June 13, 2017 utilizing the companies system.

**RESPONSE:** Defendant objects to this interrogatory as it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Information regarding calls to Plaintiff is contained in Defendant's servicing notes previously produced to Plaintiff. Individual employees of Defendant will not have additional information

relevant to Plaintiff's Telephone Consumer Protection Act ("TCPA") claim that is not otherwise contained in Defendants' business records. Upon request, Defendant's counsel will confer with Plaintiff regarding any additional information Plaintiff believes is relevant to its claims and proportional to the needs of the case that has not already been provided.

**INTERROGATORY NO. 2:** Please provide the full organization name, address, and phone number of your phone system provider for which you have your phone systems through as they have pertinent information on the capabilities of the phone service for the number used to call the Plaintiffs cellular phone and rather or not it has auto dialing or predictive dialing features for that particular number attached to their system.

**RESPONSE:** Defendant objects to this interrogatory as vague and ambiguous as it is not clear what Plaintiff means by "phone system provider." Subject to and without waiving the foregoing objection, Defendant states that in its Responses to Plaintiff's First Set of Interrogatories and Requests for Production, Defendant provided Plaintiff information regarding the product names and capabilities of the phone systems used to contact Plaintiff, and Defendant refers Plaintiff to those responses. Upon request, Defendant's counsel will confer with Plaintiff regarding any additional information Plaintiff believes is relevant to its claims and proportional to the needs of the case that has not already been provided.

**INTERROGATORY NO. 3:** Please provide a complete detailed certified copy of your phone records (Certified meaning a true and correct copy signed and notarized by a notary not within your own organization stating that the copy is a true and correct copy of the original) delivered to you by the organization you have your phone system through that references all calls made to the Plaintiff's cellular phone number 843-437-7901 by the Defendant under phone number 1-877-267-1221 from January 1, 2017 to January 1, 2018.

2

**RESPONSE:** Defendant objects to this interrogatory to the extent it seeks to impose requirements for a "certified copy" beyond the requirements set forth in the Federal Rules of Civil Procedure. Defendant further objects to this request as not proportional to the needs of the case in light of Defendant's previous production of servicing notes providing information regarding calls made to Plaintiff. Subject to and without waiving the foregoing objections, Defendant states that there is no third party that provides Defendant with records of Defendant's calls made to Plaintiff.

**INTERROGATORY NO. 4:** Please produce a complete certified copy of the exact Pooling and Servicing Agreement in regards to Stanwich Mortgage Loan Trust C where the alleged mortgage of the Plaintiff is pooled under. (Certified meaning a true and correct copy signed and notarized by a notary not within your own organization stating that the copy is a true and correct copy of the original.)

**RESPONSE:** Defendant objects to this request as it seeks information that is not relevant to any claim or defense in this matter, as any pooling and servicing agreement is not probative of Plaintiff's claim alleging violations of the TCPA. Subject to and without waiving the foregoing objection, Defendant states that it will produce a copy of the Pooling and Servicing Agreement for Plaintiff's loan.

**INTERROGATORY NO. 5:** Please produce a complete certified copy of the exact S3 registration form utilized to register the Plaintiffs alleged mortgage into the alleged Trust referenced in Interrogatory# 4. (Certified meaning a true and correct copy signed and notarized

3

by a notary not within your own organization stating that the copy is a true and correct copy of the original.)

**RESPONSE:** Defendant objects to this request as it seeks information that is not relevant to any claim or defense in this matter, as any registration form is not probative of Plaintiff's claim alleging violations of the TCPA

**INTERROGATORY NO. 6:** Please produce a certified copy of any and all Power of Attorneys you have with Wilmington Savings Fund Society as its agent which gives you the authority to act on their behalf in regards to the Plaintiffs alleged mortgage. (Certified meaning a true and correct copy signed and notarized by a notary not within your own organization stating that the copy is a true and correct copy of the original).

**RESPONSE:** Defendant objects to this request as it seeks information that is not relevant to any claim or defense in this matter, as Defendant's power of attorney is not relevant to Plaintiff's claim alleging violations of the Telephone Consumer Protection Act. Subject to and without waiving the foregoing objection, Defendant will produce a copy of the power of attorney granted by the owner of Plaintiff's loan.

**INTERROGATORY NO. 7:** Please list, explain, and describe in complete detail if the alleged Avaya or Ayava pushbutton telephone system can store numbers.

**RESPONSE:** Defendant objects to this request as it seeks information that is not relevant to any claim or defense in this matter, as the capacity of a telephone system to store numbers does not make it an "automatic telephone dialing system" within the meaning of TCPA. *See ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 697 (D.C. Cir. 2018). Subject to and without waiving the foregoing objection, Defendant states that the Avaya phone system used by Defendant can store a limited quantity of phone numbers. Defendant further states that the

Ayava phone system used by Defendant is not capable of dialing telephone numbers without human intervention.

**INTERROGATORY NO. 8:** Please list, explain, and describe in complete detail how the number are generated to the alleged Avaya or Avaya pushbutton telephone system to place a call to the Plaintiff.

**RESPONSE:** Defendant states that calls made from the Avaya telephone system by its representatives are made by physically dialing the telephone number of the recipient.

**INTERROGATORY NO. 9:** Please have all individuals disclosed in Interrogatory No. 1 who has firsthand knowledge of which would pertain to the matter at hand who utilizes the alleged push button system on a daily basis provide a statement under oath explaining in full complete detail how the numbers are produced/generated/and delivered to them to call on a daily basis in a normal course of business. If for some reason these individuals no longer are employed with or by the Defendant, please have another individual who has firsthand knowledge of the utilization of this system on a daily basis as a requirement for which they are employed provide a statement under oath in this regard.

**RESPONSE:** Defendant objects to this Interrogatory as it seeks information that is irrelevant to any claim or defense in this matter, as the manner in which telephone numbers are "produced/generated/and delivered" for contacting Defendant's customers is not probative of whether Defendant violated the Telephone Consumer Protection Act. Defendant further objects to the extent this Interrogatory seeks discovery through means beyond those authorized by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory as exceedingly disproportionate to the needs of the case to the extent it seeks a statement from more than one individual with knowledge of Defendant's phone system.

**INTERROGATORY NO. 10:** Please explain in full complete detail how you can automatically assume to regain consent to call the Plaintiff based off of an application that may have been signed in March of 2009 which you are a stranger to the mortgage and not an original party to if the Plaintiff had not given consent to be called especially after consent had already been "revoked" from the previous alleged servicer (Bank of America, N.A.) as of October 15, 2015 under certified mail number 7004 1160 0004 7704 3404 and again on November 19, 2015 under certified mail number 7004 1160 0004 7704 3701 (See copy of letter attachment) which transfers over to any alleged assignments or parties which you are aware of if you received all documentation pertaining to this alleged mortgage.

**RESPONSE:** Defendant objects to this request as it seeks a legal opinion rather than factual information. Subject to and without waiving the foregoing objection, Defendant states that it lacks knowledge regarding an alleged revocation prior to the date of its servicing.

**INTERROGATORY NO. 11:** Please provide the full complete name, present address, phone number, Elizabeth Ostermann who is the individual signing under oath claiming to have knowledge but not firsthand knowledge in the current matter at hand.

**RESPONSE:** Defendant objects to the Interrogatory as it mischaracterizes the verification of Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Production. Defendant further objects to this Interrogatory to the extent it seeks information beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objection, Defendant states that its responses to Plaintiff's interrogatories are based on its business records. Proper discovery from a corporate representative of Defendant knowledgeable regarding the facts and records relevant to this case may be obtained by contacting Defendant's counsel at the following address:

6

Corporate Representative of Carrington Mortgage Services, LLC
c/o G. Benjamin Milam
Bradley Arant Boult Cummings LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28204
(704) 338-6049 (phone)
(704) 338-6094 (fax)
bmilam@bradley.com

**INTERROGATORY NO. 12:** Please list, explain, and describe in full complete detail how it is possible for you to have 2 different systems attached to 1 phone number with different features and/or capabilities.

**RESPONSE:** Defendant objects to this request as exceedingly vague and ambiguous, as it is unclear what Plaintiff means by "2 different systems attached to 1 phone number." Defendant further objects to the request to the extent it seeks information that is irrelevant to any claim or defense in this matter.

Dated June 13, 2018

AS TO OBJECTIONS:

BRADLEY ARANT BOULT CUMMINGS LLP

_____
G. Benjamin Milam (SC Bar No. 80311)
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
T: 704.338.6000
F: 704.338.6080
bmilam@bradley.com

*Attorney for Defendant Carrington Mortgage Services, LLC*

7

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

NELSON L. BRUCE,

    Plaintiff,

v.

CARRINGTON MORTGAGE SERVICES, LLC

    Defendant.

Case No. 2:17-CV-2171

## VERIFICATION

_____Elizabeth A. Ostermann_____, being duly sworn, deposes and states:

    That he/she is a _____Vice President_____ with Defendant Carrington Mortgage Services, LLC, and as such is authorized to verify the foregoing and attached Responses and Objections To Plaintiff's Interrogatories on behalf of said company, that he/she has read said Responses and Objections To Plaintiff's Interrogatories and knows the contents thereof and that the same are true of his/her own knowledge, except as to the matters therein alleged upon information and belief, and as to those matters, he/she believes them to be true.

By: _____  6/12/2018
Name:     Elizabeth A. Ostermann
Title:     Vice President, Carrington Mortgage Services, LLC

SWORN TO AND SUBSCRIBED before me
this ____ day of _____ 20___.

*SEE ATTACHED*

_____
Notary Public
My Commission Expires: _____

8

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# CALIFORNIA JURAT

State of California

County of Orange

Subscribed and sworn to (or affirmed) before me on this 12th day of June 2018, by _____Elizabeth A. Ostermann_____, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature

> JUDIT SAUCEDO
> Notary Public – California
> Orange County
> Commission # 2185156
> My Comm. Expires Mar 27, 2021

(Notary Seal)

## OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

_____
(Additional information)

### INSTRUCTIONS FOR COMPLETING THIS FORM

*The wording of all Jurats completed in California after January 1, 2008 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one which does contain proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the parties listed below by depositing a copy thereof in the United States Mail, postage pre-paid and addressed as follows:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC  29483

This is 13 day of June, 2018.

_____
G. Benjamin Milam

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, | ) |
| | ) Civil Action No.: |
| Plaintiff, | ) 2:17-cv-2171-BHH-MGB |
| | ) |
| v. | ) **PLAINTIFFS' RESPONSE AND** |
| | ) **OBJECTIONS TO DEFENDANT'S** |
| CARRINGTON MORTGAGE SERVICES, LLC | ) **ANSWER TO PLAINTIFF'S** |
| | ) **SECOND SET OF** |
| Defendant. | ) **INTERROGATORIES** |
| | ) |
| | ) |

COMES NOW Plaintiff, Nelson L. Bruce, and responds to Defendant's Response to Plaintiff's Second Set of Interrogatories after his review and request for a full complete response to his Second Set of Interrogatories within 10 days from receipt of this Response.

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

**Objection to Defendants Response to interrogatory #1:** Plaintiff objects to this response as this information is relevant to this case as these individuals will have firsthand knowledge as to how the numbers are generated to them on a daily basis to place calls. The alleged servicing notes provided to the Plaintiff by the Defendant as a response does not specify how the numbers are generated. If this is a push button service, numbers must be sequentially generated and/or stored and produced in order for a button to be pushed to call an individual which would qualify it under the FCC statute as an ATDS which is defined as a device with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B). If this is not the case, please explain in

specificity the full procedure of exactly how the numbers are generated and produced in order for a button to be pushed by human contact who is not physically dialing a number but in fact just pushing a button in order to dial the individual intended to be called as you have stated in your response.

**Objection to Defendants Response to interrogatory #2:** Plaintiff objects to this response and states that Defendant has only provided the name of the software allegedly connected to their phone system but not who their Phone System Provider is (Vender who connected their phone service and provided the phone number which was used to call the Plaintiff for example AT&T, Verizon, Ring Central, ect....) therefore the Defendants response is not a sufficient response and the Plaintiff requests that the Defendant properly responds to this Interrogatory.

**Objection to Defendants Response to interrogatory #3:** Plaintiff objects to the Defendants response in its entirety as these are relevant requests to validate the validity of the calls made to the Plaintiff by producing the name of the company which phone service is connect to the phone number utilized to make the calls to the Plaintiff. Plaintiff believes that the Defendant is withholding evidence as all phone system vendors/suppliers (the company offering their services to the corporation) have a record of calls being placed and received through their system and Defendant is refusing to produce such evidence as these phone records are also needed to determine if there were more calls placed to Plaintiff which he may have missed as a result of their violations of the TCPA. Plaintiff requests that if the Defendant has no such phone records to produce rather certified or not to explain in full complete detail under oath how they have obtained a phone number that is registered and tied to their business that places calls to individuals and to properly respond to this interrogatory in full.

**Objection to Defendants Response to interrogatory #4:** Plaintiff objects to the Defendants response as this request is relevant because it pertains to the Defendants alleged claims, defense and alleged interest. Plaintiff also objects because the alleged PSA produced to the Plaintiff is not certified nor can this alleged Trust be located with the SEC or by the SEC as it is allegedly looks to be registered in their format which is evidence of constructive fraud as to an alleged claim as it is required to be registered with the SEC. Plaintiff requests a certified copy of this exact PSA be produced and/or mailed directly from the SEC to the Plaintiff which is allegedly registered with the SEC to prove the validity of this alleged trust along with the documents filed which proves that the alleged mortgage debt is part of the pool of mortgages which is a part of the alleged trust you claim the Plaintiff's alleged mortgage is included in.

**Objection to Defendants Response to interrogatory #5:** Plaintiff objects to the Defendants response as this request is relevant to the validity of the PSA which is claimed to be where the Plaintiff's alleged mortgage is pooled under. This request is probative to the Defendants claims and/or Defenses.

**Objection to Defendants Response to interrogatory #7:** Plaintiff objects to the Defendants response in regards the alleged case "ACA Int'l v. Fed. Commc'ns Comm'n, 885 F.3d 687, 697 (D.C. Cir. 2018) as it does not pertain to the Plaintiff's case. It also alleges that the Defendant in that case had to two systems together which was an "clicker" and an "LivBox" which was utilized together in some way which may have disqualified it from the definition of an auto-dialer. This is not the case for the current matter at hand which Defendant only states that they are utilizing a "pushbutton" system to make calls but does not explain how the numbers are generated and produced to the representative if it is only a pushing a button system to make the

calls as referenced in **"Objection to Defendants response to interrogatory #1"** therefore the Plaintiff objects to this response in its entirety. Also Defendant has not explained the exact amount of number which is limited to be stored and utilized in a commercially organized business.

**Objection to Defendants Response to interrogatory #8:** Plaintiff objects to the Defendants response as the Defendant has conflicting answers. The Defendant explains that this is a push button system in their response to **Plaintiff's First Set of Interrogatories** and then explains that the telephone numbers are physically dialed in their response to Plaintiff's Second Set of Interrogatories therefore the Plaintiff objects to this response.

**Objection to Defendants Response to interrogatory #9:** Plaintiff objects to the Defendants response in its entirety as these are relevant requests to this matter and depending on how the numbers are generated and produced to the individual pushing the button to make the calls to individuals who determine rather or not it qualifies as a ATDS and a violation of the TCPA. Elizabeth A. Ostermann is claimed to be the "Vice President" of Carrington Mortgage Services, LLC but does not state what her actual position within the Defendants Organization requires her to perform under the agreement/contract for which she was hired to perform and does not qualify her to have firsthand knowledge of how the individual pushing the button to make the call to Plaintiff's cellular phone and how they perform their daily tasks which took place to create the violation of the TCPA. Since there is only 2 calls that the Defendant is alleging was performed by their push button system, one of the individuals who utilizes this system on a daily basis as part of their job for which they were hired to perform can provide a statement under oath explaining in full detail how they perform their daily tasks for which the number to call

individual are generated to them, how they come to them, if they actually just push a button when a name lights up on their screen or if they physically dial the numbers as stated in their response # 8.

**Objection to Defendants Response to interrogatory #10:** Plaintiff objects to the Defendants response as this is a legal matter and requires a legal factual answer from the Defendant to validate their alleged claims of consent. Plaintiff also states that if the Defendant was in direct communication with the previous alleged servicer as required by a valid exchange of servicing rights, the Defendant would be informed through the previous servicers notes and notations on the alleged account that there has been a revocation of consent by the Plaintiff which is a requirement for a valid transfer of servicing rights and/or interest between two valid parties perfecting the transfer.

**Objection to Defendants Response to interrogatory #11:** Plaintiff objects to the Defendants response to the extent that the representative of the Defendant is knowledgeable regarding the facts and records relevant to this case as the representative fails to explain how they are knowledgeable and what their job under their title requires them to do on a daily basis which makes them knowledgeable of the matter at hand and of the systems utilized at the facility with the representative who performed the acts and violations. It seems that the representative that is responding is only going off of business records and/or information communicated to them and not off of firsthand knowledge therefore their response of being knowledgeable is only going off of what is being communicated to them and not that they are in physically seeing on a daily basis how operations are performed by the individuals for which the violations of the TCPA occurred.

**Objection to Defendants Response to interrogatory #12:** Plaintiff objects to the Defendants

response as the Plaintiff is asking in his interrogatory that the Defendant explain how the same number utilized to contact the Plaintiff as provided in the screen shot of calls filed on the record and produced to the Defendant which according to the Defendants business records and their response to the Plaintiff's first set of interrogatories which they state that the calls made on every other date except the 2 dates **(May 19, 2017 & June 9, 2017)** were made utilizing a totally different system which as stated does not have the capabilities to dial multiple numbers and is a push button system and the other 5 calls made utilizing a system that is capable of calling multiple numbers when according to the business records produced to Plaintiff, there were 6 call blasts made to the Plaintiff which include the dates of **5-19-2017, 5-23-2017, 5-31-2017, 6-6-2017, 6-9-2017,** and **6-13-2017** confirming the 6 calls were made through an ATDS which conflicts with the timeframe and the alleged systems being utilized to place calls to the Plaintiff. Call blasts would indicate use of an ATDS to make the calls which would be the 6 calls mention above. Plaintiff requests that this interrogatory #12 of Plaintiff's Second Set of Interrogatories be properly responded to fully and clearly.

Respectfully presented,

"Without Prejudice"

*Nelson L. Bruce  6-25-2018*

Nelson L. Bruce, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1-103
c/o 144 Pavilion Street
Summerville, South Carolina 29483

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | 2:17-cv-2171-BHH-MGB |
| | ) | |
| v. | ) | **PLAINTIFFS' RESPONSE AND** |
| | ) | **OBJECTIONS TO DEFENDANT'S** |
| CARRINGTON MORTGAGE SERVICES, LLC | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **SECOND SET OF** |
| Defendant. | ) | **INTERROGATORIES** |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing have been electronically mailed to all parties on the service list under U.S.P.S. Certified Mail Numbers located below.

Respectfully Presented,

**Addressed to:**

CARRINGTON MORTGAGE SERVICES, LLC
ATTENTION: Elizabeth Ostermann
1600 South Douglass Rd., Suite 110-200A
Anaheim, California 92806
Certified Mail #: 7017 2400 0000 3330 9643

CC.: BRADLEY ARANT BOULT CUMMINGS LLP
Attention: G. Benjamin Milam (Attorneys for Defendants)
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Certified Mail #:7017 2400 0000 3330 9650

"Without Prejudice"

*Nelson L Bruce 6-25-2018*
Nelson L. Bruce, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1-103
c/o 144 Pavilion Street
Summerville, South Carolina 29483
Ph. 843-437-7901

Page 7 | 7